NICHOLAS M. WAJDA
Nevada State Bar No: 11480
Law Offices of Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702)-900-6339
Email Address: nick@wajdalawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CASSANDRA EDWARDS,<br><br>             Plaintiff,<br><br>      v.<br><br>PATENAUDE & FELIX, A PROFESSIONAL CORPORATION and LVNV FUNDING, LLC,<br><br>             Defendants. | Case No.  2:21-cv-00211<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes CASSANDRA EDWARDS ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of PATENAUDE & FELIX, A PROFESSIONAL CORPORATION ("P&F") and LVNV FUNDING, LLC ("LVNV") (collectively, "Defendants") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Defendants pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

**JURISDICTION AND VENUE**

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the District of Nevada, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Nevada.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 residing in Clark County, Nevada, which lies within the District of Nevada.

5. P&F is a law firm and it identifies at self as "a debt collector, as defined by 15 U.S.C. §1692(a)(6)."[1]  P&F is organized under the laws of the State of California and its principal place of business at 9619 Chesapeake Drive, Suite 300, San Diego, California 92123. P&F regularly collects from consumers located in the State of Nevada.

6. LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[2] LVNV is a limited liability company organized under the laws of the State of Delaware and its principal place of business is located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada.

7. LVNV is P&F's principal. Consequently, LVNV is liable for P&F's actions as it exercises control over P&F's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

---

[1] https://pandf.statuspayments.net/
[2] http://www.lvnvfunding.com/

2

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**FACTUAL ALLEGATIONS**

10. The instant action stems from Defendants' attempts to collect upon a defaulted personal credit card debt ("subject debt") that was purportedly owed to Credit One Bank, N.A. ("Credit One").

11. Upon information and belief, after the subject debt was allegedly defaulted, the subject debt was charged off by Credit One and purchased by LVNV.

12. Subsequently, LVNV placed the subject debt with P&F for collection purposes.

13. Around August 2020, P&F telephonically contacted Plaintiff to collect upon the subject debt.

14. Casandra Rodriguez is the name of the supposed debtor P&F was attempting to contact when it called Plaintiff.

15. Plaintiff's maiden name was Cassandra Rodriguez, so at first Plaintiff believed that she was the alleged debtor P&F was attempting to contact.

16. Nevertheless, P&F's collection call concerned Plaintiff as she did not recognize the subject debt and she has never done business with Credit One.

17. Consequently, Plaintiff requested that P&F provide her with validation of the subject debt.

18. Thereafter, on or around August 5, 2020, P&F mailed or caused to be mailed a collection letter to Plaintiff, which included a generic credit card agreement without a signature and several credit card statements from Credit One with the account number redacted.

19. The aforementioned credit card statements from Credit One were addressed to "Casandra Rodriguez".

20. Moreover, Plaintiff has never resided in the address reflected in the Credit One credit card statements.

21. However, the redacted account number from the credit card statements prevented Plaintiff from fully investigating the validity of the subject debt.

22. Therefore, on or around August 10, 2020, Plaintiff mailed a letter to P&F requesting that it provide her with proper validation of the subject debt, including credit card statements with the complete account number.

23. On or around August 24, 2020, P&F mailed or caused to be mailed a collection letter to Plaintiff, which included credit card statements from Credit One with the full account number.

24. Plaintiff used the account number to investigate the validity of the subject debt.

25. Plaintiff contacted Credit One to ask about the underlying account relevant to the subject debt.

26. During her conversation with Credit One, Plaintiff learned that she is not the underlying debtor because her identifying information, such as Social Security number, did not match the information of the alleged debtor.

27. Subsequently, Plaintiff contacted P&F and informed it that she was not the debtor that it was seeking.

28. In response, P&F stated that it would remove Plaintiff's information from its records and that it would cease attempting to collect the subject debt from Plaintiff.

29. Nevertheless, LVNV, through P&F, filed a complaint against Casandra Rodriguez in the North Las Vegas Justice Court.

30. On or around February 2, 2021, Plaintiff, who is not the Casandra Rodriguez that Defendants continue to pursue, was served with a summons for the case referenced in paragraph 29.

31. On or around February 3, 2021, Plaintiff went to P&F's Las Vegas office to provide it with documentation showing that she is not the underlying debtor.

32. P&F stated that Plaintiff needed to file a police report for identity theft despite the information Plaintiff provided to P&F and P&F's prior representation that it would stop attempting to collect the subject debt from Plaintiff.

33. Plaintiff became frustrated because her identity was not stolen and it was evident that Defendants were pursuing a lawsuit against the wrong party.

34. Frustrated over Defendants' conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses.

35. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

36. As a result of Defendants' actions, Plaintiff is now being subjected to litigation for a debt that is not hers.

37. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
PLAINTIFF AGAINST DEFENDANTS

38. Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

40. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

41. Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

42. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

43. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

44. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

45. Defendants violated 15 U.S.C. §§ 1692e and e(10) when they used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for P&F to represent to Plaintiff that it would cease attempting to collect the subject debt from Plaintiff when Defendants actually continued their collection campaign by forcing Plaintiff to participate in litigation for a case in which she is not the underlying debtor.

46. Defendants further violated 15 U.S.C. §§ 1692e, e(2), e(5) and e(10) when they filed and pursued a collection lawsuit against an innocent consumer. On multiple instances, Plaintiff provided P&F with information that confirmed that she is not the underlying debtor. Nevertheless,

6

Defendants proceeded to file and pursue a collection lawsuit against Plaintiff. Consequently, the deceptive nature of Defendants' collection campaign is highlighted by the fact that they continuously attempted to collect from an innocent consumer. Defendants' actions only served to worry and confuse Plaintiff.

### b. Violations of FDCPA § 1692f

47. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

48. Defendants violated §1692f when they unfairly and unconscionably attempted to collect upon the subject debt. Any reasonable fact finder will conclude that Defendants acted unfairly and unconscionably when they filed and pursued a collection lawsuit against an innocent consumer.

49. As pled in paragraphs 34 through 37, Plaintiff has been harmed and suffered damages as a result of Defendants' illegal actions.

WHEREFORE, CASSANDRA EDWARDS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 9, 2021                    Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
LAW OFFICE OF NICHOLAS M. WAJDA, ESQ.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702)-900-6339
Email Address: nick@wajdalawgroup.com